NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PARIKH WORLDWIDE MEDIA, LLC, *et al.*, | : |
| Plaintiffs, | : Civil No. 20-01185 (RBK/JS) |
| v. | : **OPINION** |
| GOPI SHETH, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 13). For the reasons stated herein, the Motion to Dismiss is **DENIED**.

**I.      Background**

This action arises out of a trademark dispute. Plaintiffs are Parikh Woldwide Media, LLC and News India USA, LLC. News India publishes weekly newspapers and television for Indian communities. (Doc. 11, "Compl."[1] ¶8.) In connection with their publication, News India uses its registered trademark "DESI TALK." (Compl. ¶8.) Parikh Worldwide Media owns the registered trademark "NEWS INDIA TIMES" and the website www.newsindiatimes.com. (Compl. ¶9.) The Court references the marks "DESI TALK" and "NEWS INDIA TIMES" together as the "Desi Marks."

---

[1] The operative Complaint is the "Amended Complaint" (Doc. 11).

1

Defendant is Neerai Sheth, an individual who also maintains two websites related to news for Indian communities.² Plaintiffs allege that Defendant "illegally and improperly infring[ed] the Desi Marks by apparently 'scraping' news articles and by extension Plaintiffs' intellectual property from the websites and displaying them on his own infringing sites, www.desiworldtv.com and www.desitweets.com" without authorization. (Compl. ¶13.) Plaintiffs plead that the scraped articles published on Defendant's websites include the Desi Marks in the body and byline of the articles in "an intentional and blatant effort to confuse the public into believing the posts belonged to Plaintiffs." (Compl. ¶15.) Plaintiffs contend that Defendant also listed himself as the author and photographer of the articles and pictures on the website. (Compl. ¶17.)

On February 3, 2020, Plaintiffs brought the current suit against Defendant. The Amended Complaint asserts causes of action for (1) federal trademark infringement in violation of 15 U.S.C. § 1114; (2) false designation of origin in violation of 15 U.S.C. § 1125(a); (3) unfair competition in violation of 15 U.S.C. § 1125(a); (4) improper use and registration of website name in violation of 15 U.S.C. § 1125(d); (5) trademark dilution in violation of 15 U.S.C. § 1125(c) and common law; and (6) statutory unfair competition and trademark infringement in violation of N.J.S.A. § 56:4–1.

## II.     Legal Standard

When deciding a motion to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the complaint. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). The Court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the nonmoving party. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In other words, a complaint is sufficient if it contains

---

² Plaintiffs refer to the Defendant as "Gopi Sheth," however, Defendant maintains that he has been erroneously sued as "Gopi Sheth." (Mot. at 1.)

enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The inquiry is not whether a party will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims. *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A claim cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id*.

**III.     Discussion**

    **A.  Lanham Act Claims**

Defendant first moves to dismiss Plaintiffs' claims for trademark infringement, unfair competition, and false designation of origin brought under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a). In the Third Circuit, in order to state a claim under Section 1125(a) of the Lanham Act, a

plaintiff must plead the following four elements: (1) the mark is valid and legally protectable; (2) plaintiff owns the mark; (3) the defendant used the mark in interstate commerce; and (4) the defendant's use of the mark to identify goods or services causes a likelihood of confusion. *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 1994). The trademark infringement, unfair competition, and false designation of origin claims are measured by identical standards. *Food Sciences Corp. v. Nagler*, No. 09-1798, 2010 WL 4226531, at *2 (D.N.J. Oct. 20, 2010) (citing *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.2d 198, 210 (3d Cir. 2000)).[3] Defendant moves to dismiss these claims, focusing on the fourth required element—Defendant argues that Plaintiffs have failed to plead that Defendant used the "trademarks in a manner that [was] likely to cause confusion." (Mot. at 6.) Defendant argues two points: (1) that the term "desi" is generic and not subject to protection and (2) that Plaintiffs are attempting to improperly pass off copyright claims as trademark claims. The Court addresses each argument.

First, Defendant argues that the word "desi" is generic, and therefore the Desi Marks are not entitled to protection. To function as a trademark, "a term must be . . . an indicator of source, sponsorship, approval[,] or affiliation." *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 855–56 (3d Cir. 1992) (internal citation and quotation omitted). This is otherwise known as a term's "distinctiveness." Marks are often classified in categories of generally increasing distinctiveness: "following the classic formulation . . . they may be (1) generic; (2) descriptive; (3) suggestive; (4)

---

[3] Additionally, courts analyze New Jersey unfair competition claims as parallel to those under the Lanham Act. N.J.S.A. § 56:6–1 creates liability on any "merchant, firm or corporation" who "appropriate[s] for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals." NJ.S.A. 56:4-1. "To state a claim for unfair competition under [this] statute, a plaintiff must allege that (1) the mark at issue is valid and legally protectable; (2) the mark is owned by the plaintiff; (3) the defendant used the mark in commerce on or in connection with any goods or services or container for goods; and (4) this 'use' was in a manner likely to create confusion concerning the origin of the goods or services." *Bambi Baby.com Corp. v. Madonna Ventures, Inc.*, Civ. No. 18-12669, 2019 WL 2337447, at *8 (D.N.J. June 3, 2019) (internal quotations omitted).

4

arbitrary; or (5) fanciful." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). The latter three categories of marks, "because their intrinsic nature serves to identify a particular source of a product, are deemed inherently distinctive and are entitled to protection." *Id.* Conversely, generic marks, "those that refe[r] to the genus of which the particular product is a species" are not registrable as trademarks. *Id.* at 768. In the middle are "descriptive marks," which are marks that "are merely descriptive of a product[.]" *Id.* Typically, descriptive marks are not inherently distinctive" and therefore cannot be protected. *Id.* However, descriptive marks may receive protection if a party can prove that they have "acquired secondary meaning." *Id.*

Defendant argues that Plaintiffs' marks include the word "desi," which is a generic term that is "descriptive of a person of Indian descent that is living outside of India." (Mot. at 7.) The Court finds this argument unpersuasive. First, as Plaintiffs point out, Plaintiffs do not claim trademarks in merely the word "desi." Rather, Plaintiffs claim trademarks in the terms "Desi Talk" and "News India Times." (Opp. at 7.) Accordingly, there is more to the Plaintiffs' marks than just a singular "generic" term. Moreover, courts in this Circuit have held that whether a term is properly categorized as generic or descriptive and whether that term has acquired secondary meaning are questions of fact. *E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.2d 185, 192 (3d Cir.2008); *see also Holy Spirit Assoc. for Unification of World Christianity v. World Peace*, No. 18-1508, 2019 WL 3297469 (M.D. Pa. July 22, 2019) ("whether the . . . symbol is a generic religious symbol or a descriptive term under the Lanham Act present factual issues which cannot be resolved in the context of a motion to dismiss[.]"). Accordingly, because the issue of "genericness" is a fact question, it would be inappropriate for the Court to make such a determination on a motion to dismiss. Instead, the only issue the Court must decide at this juncture is whether Plaintiffs have

pleaded sufficient facts to establish that, if found descriptive, the phrases "Desi Talk" and "News India Times" have acquired secondary meaning.

The Court finds that the Complaint contains sufficient allegations to support a finding that the Desi Marks have acquired secondary meaning. The Complaint pleads that Plaintiffs have been using the Desi Marks since 1999—over twenty years. (Compl. ¶8.) Plaintiffs additionally plead that they have "continually operated their businesses under the Desi Marks and use [them] on a national level and in interstate commerce, including on their websites, promotional materials, and social media for many years[.]" (Compl. ¶10.) Plaintiffs pleads that they have spent "significant sums of money of the promotion of the Desi Marks and their businesses." (Compl. ¶11.) Thus, taken together, the Court finds that Plaintiffs plead sufficient facts to support a finding that the Desi Marks have acquired secondary meaning.

Second, Defendant argues that Plaintiffs' claims impermissibly attempt to pass off the alleged copying of copyrighted materials as trademark infringement. (Mot. at 11–12.) In other words, Defendant argues that Plaintiffs' claims are actually copyright claims, rather than trademark claims. (*See id.*) Defendant's argument relies on the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox*, 539 U.S. 23, 37 (2003). However, Defendant's reliance on *Dastar* is misplaced. In *Dastar*, a television series producer brought copyright and Lanham Act claims against its competitor after the competitor sold modified copies of the producer's TV series as its own, without proper credit. *Id.* The District Court and the Ninth Circuit found that this "bodily appropriation" of the series was sufficient to establish reverse passing off under the Lanham Act. *Id.* However, the Supreme Court reversed, holding that "Section 43(a) of the Lanham Act does not prevent the unaccredited copying of an uncopyrighted work." *Id.* at 23. In so holding, the Court noted that the producer's claim "would undoubtedly be sustained if [the competitor] had brought

some of [the plaintiff's] videotapes and merely repackaged them as its own." *Id.* However, the competitor had also "copied [the series], made modifications (arguably minor), and produced its very own series of videotapes." *Id.* Accordingly, whether a claim is barred under *Dastar* is largely a fact-intensive inquiry. *Dastar* arose in the context of a summary judgment motion after the parties were allowed to develop a factual record.

In the present case, the parties have not had the opportunity to develop a factual record regarding the extent of the copying and any modifications of the website materials. The Court finds it would be premature to make such a determination before any factual discovery has occurred. Additionally, the Complaint's allegations do go beyond simply claiming that Defendant copied Plaintiffs' articles, as was the case in *Dastar*. *See id.* Plaintiffs also allege that Defendant utilized and displayed Plaintiffs' marks on Defendant's website in an attempt to confuse the public and drive traffic away from Plaintiffs' websites. These allegations tend to establish that Plaintiffs seek recourse for the confusion of the origin of Plaintiffs' content, not the unattributed copying of Plaintiffs' articles. Accordingly, the Court finds that, at this time, Plaintiffs' claim is not precluded by *Dastar*. This finding, however, does not preclude Defendant from re-raising this argument after fact discovery.

In sum, the Court finds that Plaintiffs have stated a claim for trademark infringement, unfair competition, and false designation of origin under the Lanham Act.[4] Accordingly, the Motion to Dismiss these claims is **DENIED**.

### B. Trademark Dilution Claims under 15 U.S.C. § 1125(c)

Defendant next moves to dismiss Plaintiffs' claims for trademark dilution under 15 U.S.C. § 1125(c) and New Jersey common law. Defendant argues that the claims fail because "only

---

[4] Because Defendant does not challenge any other element of these claims, the Court ends its analysis here.

7

'famous' marks are protected from dilution," and the Desi Marks are not famous. (Mot. at 12–13.)

The Lanham Act provides that "the owner of a famous mark that is distinctive . . . shall be entitled to an injunction against another person who . . . commences use of a mark or trade name in commerce that is likely to cause dilution[.]" 15 U.S.C. § 1125(c). A mark is "famous" if it is "widely recognized by the general consuming public of the Untied States as a designation of source of the goods or services of the mark's owner." *Id.* To establish a prima facie claim under the federal dilution statute, a plaintiff must plead the following: (1) he is the owner of a mark that qualified as famous; (2) the defendant is making commercial use in interstate commerce of a mark; (3) defendant's use began after the plaintiff's mark became famous; and (4) defendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods. *Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C.,* 212 F.3d 157, 163 (3d Cir.2000).

Defendant's argument primarily implicates the first element—whether Plaintiffs are the owners of a mark that qualifies as famous. The Third Circuit considers the following factors when determining whether a mark is distinctive or famous:

> (A) the degree of inherent or acquired distinctiveness of the mark; (B) the duration and extent of use of the mark in connection with the goods or services with which the mark is used; (C) the duration and extent of advertising and publicity of the mark; (D) the geographical extent of the trading area in which the mark is used; (E) the channels of trade for the goods or services with which the mark is used; (F) the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought; (G) the nature and extent of use of the same or similar marks by third parties.

*Id.* (citing 15 U.S.C. § 1125(c)(1)(A)–(H)).

With these factors in mind, the Court analyzes Plaintiffs' allegations. The Complaint pleads that Plaintiffs have made substantial investments in the marks and have enduringly used and promoted the marks in connection with their successful news businesses for over two decades.

8

(*See* Compl. ¶¶8, 9, 54–59.) Plaintiffs plead that they have been using the marks since 1999, (Compl. ¶8), that the marks are registered (Compl. ¶9), and that they have continually operated their businesses under these marks on a national level. (Compl. ¶10). Plaintiffs allege that they use these marks on their websites, promotional materials, and social media and have spent significant amounts of money promoting these marks and their businesses. (*Id.* ¶¶10–11.) Based on these allegations, the duration, promotion, and channels of trade factors weigh in favor of Plaintiffs' assertion that the Desi Marks are "famous." It is not for the Court to act as juror at the motion to dismiss phase and determine whether the marks are in fact famous. Rather the Court takes the allegations in the Complaint as true. As such, the Court finds that Plaintiffs properly plead that the marks are famous. Therefore, the motion to dismiss the trademark dilution claims is **DENIED**.[5]

### C. Improper Use and Registration of Website Names Under 15 U.S.C. § 1125(d)

Defendant next moves to dismiss Plaintiffs' cause of action for improper use and registration of website names under 15 U.S.C. § 1125(d). Defendant argues that the claim should be dismissed for essentially the same reasons that the other Lanham Act claims should be dismissed—Plaintiffs' marks are generic. (Mot. at 13.) Therefore, Defendant argues, that there cannot be a likelihood of confusion. (*Id.*) The Court rejects this argument for the same reasons articulated above. Plaintiffs sufficiently plead that Plaintiffs' websites and Defendant's websites were confusingly similar. (*See* Compl. ¶¶46–51.) This is all the Court may opine on at motion to dismiss juncture. The Court will not make factual determinations regarding the generic or distinctive nature of the Desi Marks at this stage. *See, e.g.*, *Internet Products LLC v. LLJ Enterprises, Inc.*, No. 18-15421, 2020 WL 6883430 (D.N.J. Nov. 24, 2020) (reserving factual

---

[5] The state common law claims similarly survive because New Jersey dilution law mirrors federal Lanham Act dilution requirements. *See 800-JR Cigar, Inc. v. GoTo.com, Inc.*, 437 F. Supp. 2d 273 (D.N.J. 2006). Defendant does not otherwise challenge the dilution claim, so the Court's analysis ends here.

inquiries related to whether mark was generic or distinctive for determination at summary judgment, not motion to dismiss); *CSC Holdings LLC v. Optimum Networks, Inc.*, 731 F. Supp. 2d 400, 406 (D.N.J. 2010) (determinations related to the likelihood of confusion are questions of fact). Accordingly, the Court **DENIES** the motion to dismiss this claim.

### D. Declaratory Relief

Finally, Defendant moves to dismiss Plaintiffs' request for declaratory relief. Defendant's only argument is that "[i]t is unclear how such comports with the requirements of a declaratory judgment cause of action[.]" (Mot. at 14.) Declaratory judgments are sought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Under this Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Plaintiffs' Complaint sufficiently states a claim for declaratory relief. Plaintiffs seek a judgment declaring that (1) Defendant's use and registration of the infringing websites violate Plaintiffs' rights; (2) Defendant must immediately cease and desist use of the marks; and (3) Defendant must transfer the websites to Plaintiffs. (Compl. ¶¶64–68.) This request seeks to define the rights in relation to the marks, consistent with the purpose of the Declaratory Judgment Act. Accordingly, the motion to dismiss on this ground is **DENIED**.

### IV. Conclusion

For the reasons contained herein, the Motion to Dismiss is **DENIED**. An accompanying Order will issue.

Dated: 3/8/2021                                                             /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge